PER CURIAM.
This appeal is by the defendant below from an adverse judgment entered following trial without a jury. The plaintiff declared on an oral contract of employment which involved a period of more than a year, relying on a memorandum signed (through an agent) by the party to be charged. Plaintiff alleged he was discharged without cause during the period of employment, for which damages were sought. The trial court held the memorandum was sufficient to satisfy the statute of frauds. Judgment for damages was entered in favor of the plaintiff.
The appellant contends the court erred in holding the claim was not barred by the statute of frauds. The appellant’s argument centers on the absence in the memorandum of a date for commencement of the employment, for which the termination date shown in the memorandum was more than a year after the oral contract, and more than a year from the date the plaintiff actually commenced the employment. The memorandum specified the employment would be for a period ending on December 31, 1973. The plaintiff commenced performance of his duties in such employment in September of 1972.
Contrary to the contention of the appellant, we regard the memorandum as sufficiently indicating a time for commencement of the employment. The memorandum did not simply fail to state or make any reference to a time of commencement of the employment. Following a statement therein that the period of the employment would end on December 31, 1973, it was stated: “At this time we don’t know when he will start so you should leave blank the starting date.” As to that feature, in testimony, the plaintiff explained that the exact date the employment would commence was not known because he had matters to clear up, in Massachusetts where he resided, which would take some time. However, another provision in the memorandum showed that the inception of the employment was to occur some time well prior to January 1, 1973, viz: “Siboney also agrees that his family and himself must be firm residents of Florida not later than January 1, 1973. But until he and his family become residents of Dade or Broward county, Siboney will pay his air fare once every two weeks from Miami to Boston and back”. In conformity therewith, as stated above, the employment commenced in September of 1972.
No reversible error having been shown, the judgment is affirmed.